UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 12-3029 CAS (CWx) | Date | June 5, 2012 |
| Title | METRO PATTERSON v. FEDERAL NATIONAL MORTGAGE ASSOCIATION; ET AL. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION TO REMAND** (filed May 10, 2012)

**DEFENDANTS' MOTION TO DISMISS** (filed 4/13/2012)

## I.  INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 11, 2012 is vacated, and the matter is hereby taken under submission.

On January 12, 2012, plaintiff Metro Patterson filed an action in Los Angeles County Superior Court against Federal National Mortgage Association, One West Bank FSB, Indymac Bank FSB, Mortgage Electronic Registration System, Inc., and Does 1–20. See Patterson v. Fed. Nat'l Mortg. Assoc., et al., Case No. BC476910 (the "First Action"). Judge Chalfant of the Los Angeles County Superior Court denied plaintiff's application for a temporary restraining order that sought to enjoin any further post-sale foreclosure efforts on real property located at 13033 Stanford Avenue, Compton, CA, 90220 ("Property") on the ground that plaintiff had not tendered the debt owed. See Def. RJN, Exh. 3. Approximately two months later, on March 7, 2012, plaintiff filed a nearly identical action in front of a different judge in the Los Angeles County Superior Court entitled Patterson v. Fed. Nat'l Mortg. Assoc., et al., Case No. TC026224 (the "Second Action"). Both cases arise out of plaintiff's allegations that defendants wrongfully foreclosed on the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3029 CAS (CWx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | METRO PATTERSON v. FEDERAL NATIONAL MORTGAGE ASSOCIATION; ET AL. | | |

 The First Action asserts 16 claims for relief, styled as: (1) wrongful foreclosure; (2) breach of written contract; (3) specific performance; (4) promissory estoppel; (5) quiet title; (6) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (7) declaratory relief; (8) injunctive relief; (9) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); (10) violation of Cal. Civ. Code § 2923.5; (11) negligent misrepresentation; (12) fraud; (13) rescission; (14) cancellation of instrument; (15) declaratory relief [sic]; and (16) injunctive relief [sic]. The Second Action asserts fourteen identical claims premised on identical facts. The only material difference is that the Second Action omits claims for violations of TILA and Cal. Civ. Code § 2923.5.

 Defendants removed both cases on April 6, 2012. The First Action was assigned to the Hon. Gary A. Fees, Case No. CV 12-3031 GAF (FEMx), and the Second Action was assigned to this Court, Case No. CV 12-3029 CAS (CWx).

 By order dated May 30, 2012, Judge Feess granted defendants' motion to dismiss plaintiff's claims asserting violations of TILA and TILA's implementation of "Regulation Z" with prejudice, concluding that the claims were barred by the statute of limitations. See Case No. CV 11-3031 GAF (FEMx), Dkt. No. 6 at 4. Judge Feess further concluded that plaintiff's twelfth and fifteenth claims for fraud and declaratory relief, which mention the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), were not grounded in federal law because the claims simply refer to RESPA and do not rely on it. Id. at 5 n.2. Accordingly, Judge Feess declined to exercise supplemental jurisdiction over the remaining state law claims and remanded the action to Los Angeles County Superior Court. Id. at 6.

 The Court finds no reason to vary from the ruling of Judge Feess reached in Case No. CV 11-3031 GAF (FEMx), Dkt. No. 6, because the complaints in the two cases are largely identical. For the reasons set forth in Judge Feess's order, the Court GRANTS defendants' motion to dismiss plaintiff's TILA-based claims (including the claim challenging TILA's implementation of "Regulation Z") on the ground that such claims are barred by the statute of limitations. See id. at 4. The Court declines to exercise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3029 CAS (CWx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | METRO PATTERSON v. FEDERAL NATIONAL MORTGAGE ASSOCIATION; ET AL. | | |

supplemental jurisdiction over the remaining claims.  Accordingly, the case is hereby REMANDED to Los Angeles County Superior Court.

  IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |